Mr. Alan B. Koslow Acting City Attorney City of Hollywood Post Office Box 229045 Hollywood, Florida 33022-9045
Dear Mr. Koslow:
You ask substantially the following questions:
1. Does s. 166.045(1)(a), F.S., require that every appraisal, offer, and counteroffer regarding the purchase of real property by a municipality be in writing?
2. Where the purchase price of the real property to be acquired is in excess of $500,000, is the municipality required to obtain two appraisals in accordance with s. 166.045(1)(b)?
3. Are the procedures in s. 166.045(1)(a) and (b), F.S., mandatory if the municipality has no charter or ordinance procedures setting forth its own procedures for the acquisition of real property, regardless of whether the municipality seeks to utilize the limited exemption from Ch. 119, F.S., contained therein?
In sum, I am of the opinion:
1. Section 166.045(1)(a), F.S., requires that appraisals, offers or counteroffers be in writing when a municipality is utilizing the provisions of this section to acquire property.
2. When the real property to be acquired by purchase by a municipality is in excess of $500,000, the municipality is required to obtain two appraisals in accordance with s.166.045(1)(b), F.S., if it seeks to utilize the exemption contained in s. 166.045, F.S.
3. A municipality which does not have any charter or ordinance provision setting forth the procedures for the acquisition of real property would be required to comply with the provisions of s.166.045, F.S.
Question One
Section 166.045(1)(a), F.S., provides in pertinent part:
In any case in which a municipality, pursuant to the provisions of this section, seeks to acquire by purchase any real property for a municipal purpose, every appraisal, offer, or counteroffer must be in writing. . . . (e.s.)
Thus, s. 166.045(1)(a), F.S., requires that all appraisals, offers or counteroffers be in writing when a municipality is utilizing the provisions of this section to acquire property. The statute by its own terms does not apply to those instances in which the municipality is not purchasing property pursuant to the provisions of s. 166.045, F.S.
Question Two
Section 166.045(1)(b), F.S., provides:
If the exemptions provided in this section are utilized, the governing body shall obtain at least one appraisal by an appraiser who is a member of an appraisal organization listed in s.253.025(7)(b) for each purchase in an amount of not more than $500,000. For each purchase in an amount in excess of $500,000, the governing body shall obtain at least two appraisals by appraisers who are members of appraisal organizations listed in s.253.025(7)(b). . . . (e.s.)
The appraisal requirements contained in s. 166.045(1)(b), F.S., thus apply when a municipality seeks to utilize the exemption from the mandatory disclosure requirements contained in s. 166.045, F.S. Paragraph (1)(a) of s. 166.045, F.S., states that written appraisals, offers or counteroffers are not available for public inspection or disclosure until an option contract is executed or, if no option contract is executed, until 30 days before a contract or agreement for purchase is considered for approval by the governing body of the municipality. If the contract or agreement is not submitted to the governing body, the exemption expires 30 days after the termination of negotiations.
Thus, in those instances where a municipality seeks to rely on the time limited exemption provided in s. 166.045, F.S., and the property to be acquired is in excess of $500,000, a municipality is required to obtain two appraisals in accordance with the provisions of s. 166.045(1)(b), F.S.
Question Three
Prior to its amendment in 1988, s. 166.045(1)(a), F.S., required that in any case in which a municipality, pursuant to the provisions of Ch. 166, F.S., sought to acquire any real property by purchase, all appraisals, offers or counter offers must be in writing.[1] During the sunset review of s. 166.045, F.S., by the 1988 Legislature pursuant to s. 119.14, F.S., the Florida League of Cities testified that the statute was unclear as to whether municipalities were required to follow the provisions of s.166.045, F.S., or whether municipalities could exercise their home rule powers to follow an alternative procedure.[2]
The language of s. 166.045(1)(a), F.S., was amended to require that appraisals, offers and counteroffers be in writing when a municipality sought to acquire property by purchase pursuant to that section. Subparagraph (1)(c) was added to provide:
Notwithstanding the provisions of this section, any municipality that does not choose with respect to any specific purchase to utilize the exemption from chapter 119 provided in this section may follow any procedure not in conflict with the provisions of chapter 119 for the purchase of real property which is authorized in its charter or established by ordinance. (e.s.)
The staff analysis for the bill adding the above language states that the bill "[c]larifies that any municipalities who do not choose to utilize the exemption from chapter 119, F.S., for the purchase or [sic] real property may follow any procedure not in conflict with chapter 119, F.S., if such procedure is authorized in the municipalities' charter or adopted by ordinance."[3] (e.s.)
Clearly, if a municipality wishes to exempt the appraisals, offers and counteroffers it receives relating to the purchase of real property from the disclosure requirements of Ch. 119, F.S., it must comply with the requirements of s. 166.045, F.S. If a municipality does not wish to utilize the exemption provisions of s. 166.045, F.S., the statute specifically recognizes that the municipality may do so provided that such alternative procedure is not in conflict with Ch. 119, F.S., and the procedure is authorized in its charter or established by ordinance.
A municipality which does not have a procedure for the purchase of real property in its charter or ordinance would not appear to satisfy the second criterion of s. 166.045(1)(c), F.S. Accordingly, I am of the opinion, until legislatively or judicially determined otherwise, that a municipality which does not have any charter or ordinance setting forth the procedure for the acquisition of real property would be required to comply with the provisions of s. 166.045, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 166.045(1)(a), F.S. 1987.
[2] See, Staff Report on Open Government Sunset Review Act Real Property Acquisition by Municipalities and School Boards, Florida House of Representatives, Committee on Governmental Operations, December 1987, p. 42; Tape, Florida House of Representatives, Governmental Operations Committee, January 5, 1988.
[3] Staff Analysis, HB 183, House of Representatives, Committee on Governmental Operations, June 14, 1988:
This bill clarifies that the public records exemptions for the proposed purchase of real property by . . . municipalities may be utilized at the option of the local government. If a local government chooses not to use the public records exemption currently authorized in the statutes, the local government may adopt its own procedures for the purchase of real property provided that such procedure is authorized in the local governments charter or established by ordinance and provided that the procedure is not in conflict with the provisions of chapter 119, F.S. (e.s.)
Compare, Staff Analysis, HB 183, May 4, 1988, stating that the statute was amended "to clarify that the decision to use the public records exemption may be made by a local government on a case-by-case basis and that compliance with the other provisions of each section is only required when the exemption is being used."